By the Court.—Monell, Ch. J.
Without examining at any length the other questions discussed by the appellant’s counsel, the decision of the referee may be sustained, if his finding of fact that the work *204 in question was extra or additional work, and that the provisions in the contract in respect to it was waived, • is supported by the evidence.
It is quite clear that the provisions in regard to the architect’s and clerk’s certificates, relate only to the payments to be made upon the contract as therein specified, and have no relation whatever to any extra or additional work, outside of the contract, which might be ordered by the owner. For the protection and satisfaction of the owner, he had a right to insist that his contractor, as a condition precedent to payment, should procure the certificate of the architect, that the work had been done in conformity with the contract and specifications ; and also the certificate of the county clerk, that there were no liens upon the premises under the contract. But the parties did not, in terms, require any such certificates in respect to any extra or additional work that might be done ; and such certificates would, probably, be wholly inapplicable to that class of work. Nevertheless, the owner might have made it a part of his contract- that, as a condition precedent to payment for extra work, similar certificates should be furnished. But he did not do so, and merely required that the order for extra work should be in writing.
The referee was correct in his conclusion of law, that any or all of these provisions could be waived by parol. The parties were not bound absolutely, and a party may always surrender the benefit or advantage of a provision in his favor, if it is voluntarily done, and there is neither mistake nor fraud. So parties may, by a new and independent agreement, contract for work or materials, other or different from such as is specified i n their contract, and, ordinarily, such extra work will not be affected by the covenants or stipulations in the contract. It, of course, can be made to be subject to such covenants, by an express agreement to that effect, but the obligation can not be implied.
*205 The referee has found that the work which was the subject of the lien was extra or additional work ; that the owner did not tender or offer to make a written order for it, but that it was done by his direction and consent, and under his supervision ; and that he did not demand an arbitration in respect to the value of it.
Those findings, if correct, are conclusive of the right of the lienors to recover.
The right of the owner to give a written order for the extra or additional work, and to insist at all times, that without it he should not be liable, was a provision in his favor. The builder had no interest in or right over it, and it is doubtful if he could have insisted upon it. But being wholly within the power of the owner, he could, and as the referee has found,, did waive it; and therefore he can not now insist that the extra or additional work was not ordered in the manner prescribed by the contract.
The provision in the contract in respect to the mode of ascertaining the value of any extra or additional work, was for the benefit of both parties, and either could, probably, have insisted upon resorting to it, to settle these differences. But the referee has found, and it is not disputed, that neither party demanded the arbitration, so that neither can now claim any advantage of objection from it.
The evidence before the referee upon the several questions,—of the character of the work, the manner in which it was ordered, and the waiver under the contract which upon his finding justify his judgment, was contradictory and disputed. On the one, side the testimony of the contractor supported and corroborated by two witnesses; and upon the other side, the testimony of the appellant Eisner, also supported and corroborated by two witnesses. There was a direct antagonism in their evidence, and it became a question which the referee would believe. He had the witnesses
*206 before him, he saw them and heard them testify, and had such other opportunities as the trial afforded, of judging of the credit which should be given to the one or the other. And being satisfied in his own judgment, he accepted the evidence of the contracts and discredited that of the owner.
It is very clear that a judge would not have been authorized to have taken the case from a jury, if it had been before one, and it follows, as equally clear, that their verdict could not properly have been disturbed.
And the same effect must be given to the findings of a referee upon conflicting evidence, and especially is this so, whén the contradictions are irreconcilable, and one side or the other must be discredited.
A referee is bettet able to decide upon the credit of witnesses, than a court sitting in banc can be ; and it is for that reason, that upon appeal his findings of fact, like the verdict of a jury, will not be disturbed, except it be unsupported by, or very clearly against, the weight of the evidence.
But I am not aware of any case where its determination rested solely upon the credit of witnesses, that the appellate court has interfered with the result.
The judgment should be affirmed with costs.
Freedman, J., concurred.